NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTOR OGUNNIYI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-1578

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00581-MBH, Judge Marian Blank Horn.

---

Decided: July 12, 2016

---

VICTOR OGUNNIYI, Lemon Grove, CA, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before NEWMAN, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Victor Ogunniyi brought contract and tort claims against the United States based on a 2012 contract between the United States and Mr. Ogunniyi's company. The Court of Federal Claims dismissed for lack of jurisdiction. Because the Court of Federal Claims cannot hear tort claims, and because Mr. Ogunniyi was neither a party nor a third-party beneficiary of the 2012 contract, we affirm.

I

On June 8, 2015, Mr. Ogunniyi filed a *pro se* complaint in the Court of Federal Claims alleging that the United States Navy breached a contract formed in late 2012 with Commissioning Solutions Global LLC, a Louisiana limited liability company (the Company), for oil flushing services (the 2012 Contract). The complaint also alleged that the United States committed several torts, including fraud, conspiracy, unfair competition, and intentional misrepresentation.

On December 10, 2015, the Court of Federal Claims dismissed all claims. It held that Mr. Ogunniyi could not pursue his contract claims because he did not personally contract with the Navy, nor did the 2012 Contract render him a third-party beneficiary. The court dismissed the remaining claims as sounding in tort, and thus not within the Tucker Act's jurisdictional grant. The Court of Federal Claims found in the alternative that it lacked jurisdiction because Mr. Ogunniyi (or the Company) had already appealed the same claims to the Armed Services Board of Contract Appeals. Mr. Ogunniyi moved for reconsideration, which the court denied on January 19, 2016. This appeal followed.

II

"We review de novo the Court of Federal Claims' grant of a motion to dismiss for lack of subject matter

jurisdiction." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). Under the Tucker Act, the Court of Federal Claims may hear "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Ordinarily, "[t]o maintain a cause of action under the Tucker Act based on a contract, [a plaintiff] must show that there is a contract directly between [him]self and the Government[.]" *Estes Express Lines v. United States*, 739 F.3d 689, 693 (Fed. Cir. 2014). A plaintiff may also sue as a third-party beneficiary, but only if the contract "reflects the express or implied intention . . . to benefit the party *directly*." *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1056 (Fed. Cir. 2012) (quoting *Glass v. United States*, 258 F.3d 1349, 1354 (Fed. Cir.)*, opinion amended on reh'g*, 273 F.3d 1072 (Fed. Cir. 2001)).

The Court of Federal Claims correctly concluded that the complaint alleged a contract formed between the United States and the Company, not Mr. Ogunniyi. Mr. Ogunniyi's argument that he has "privity of contract [with the Navy] inherent in his capacity as the sole owner of" the Company is wrong; the Company and Mr. Ogunniyi are not legally identical entities (absent certain exceptions not implicated here). Appellant's Br. at 23; *see* La. Stat. Ann. § 12:1320 ("A member . . . of a limited liability company is not a proper party to a proceeding by or against a limited liability company. . . ."); *FDIC v. United States*, 342 F.3d 1313, 1319 (Fed. Cir. 2003) ("Neither [the government's] knowledge, . . . [n]or the [plaintiffs'] position as stockholders in Karnes, made them parties to those arrangements. A shareholder generally does not have standing to assert a breach of contract claim on behalf of the corporation."). The trial court also correctly

concluded that Mr. Ogunniyi's allegations that he owned the Company and represented it in its dealings with the Navy do not establish that the parties intended him as a direct beneficiary of the 2012 Contract. *See S. Cal. Fed. Sav. & Loan Ass'n v. United States*, 422 F.3d 1319, 1332 (Fed. Cir. 2005) ("Having chosen to limit their personal liability by adopting a corporate form, we have refused to allow shareholders to rely on their involvement in the negotiation process [with a government contract] . . . to alter their chosen legal status."); *FDIC*, 342 F.3d at 1320 (stockholder status insufficient to confer third-party beneficiary rights). And Mr. Ogunniyi is "not [a] third party beneficiar[y] merely because the contract would benefit [him]." *FDIC*, 342 F.3d at 1319. Accordingly, the Court of Federal Claims correctly found that it lacked jurisdiction over Mr. Ogunniyi's contract claims.

The trial court was also correct to dismiss the remaining tort claims because "[t]he plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see* 28 U.S.C. § 1491(a)(1) (the Court of Federal Claims has jurisdiction over claims against the United States "not sounding in tort").

In light of the foregoing, we need not address whether the court also lacked jurisdiction because Mr. Ogunniyi or the Company had presented the same claims to the Armed Services Board of Contract Appeals. Because the Court of Federal Claims properly found that it lacked jurisdiction over all of Mr. Ogunniyi's claims, we affirm.[1]

---

[1]    Appellant submitted a "Motion To Submit Transcripts" on March 28, 2016. We construe that as a motion to take judicial notice of the record in the trial court and, hereby, grant the motion.

## **AFFIRMED**

No costs.